## LOCAL BANKRUPTCY FORM 3015-1

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

JOHN J. ROMANOWSKI

CHAPTER 13

CASE NO.: 1:19-03999

___2nd___ Amended Plan

Number of Motions to Avoid Liens
Number of Motions to Value Collateral

### CHAPTER 13 PLAN

#### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | ☒ Not Included |

#### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   A. <u>Plan Payments From Future Income</u>
   1. To date, the Debtor paid $4,219.34 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $71,647.20 plus other payments and property stated in § 1B below:

   | Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
   |---|---|---|---|---|---|
   | 1/2020 | 9/2024 | $1,182.95 | | $1,182.95 | |
   | | | | | | |
   | | | | | | |
   | | | | | | |
   | | | | | Total Payments: | $71,647.20 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

   3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

   4. CHECK ONE:
      ☐ Debtor is at or under median income.

      ☒ Debtor is over median income. Debtor estimates that a minimum of $632.76/mo must be paid to allowed unsecured creditors in order to comply with the Means Test.

   B. <u>Additional Plan Funding From Liquidation of Assets/Other</u>

   1. The Debtor estimates that the liquidation value of this estate is $ Enter text here. (Liquidation value is calculated as the value of all non-exempt assets after the

deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*
☑ No assets will be liquidated.

2. **SECURED CLAIMS.**

   A. <u>Pre-Confirmation Distributions</u>. *Check one.*

   ☑ None.

   B. <u>Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor</u>. *Check one.*

   ☐ None.

   ☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

   | Name of Creditor | Description of Collateral | Last Four Digits of Account |
   |---|---|---|
   | Member's 1st FCU | 10257 Fort Robinson Road | 8879 |
   | Riverview Bank | 150 Beaver Road and 148 Beaver Road | 4950 |
   | Santander | 148 Beaver Road | 7971 |
   | Toyota Financial | 2017 Toyota Prius | |

   C. <u>Arrears (Including, but not limited to, claims secured by Debtor's principal residence)</u>. *Check one.*

   ☐ None.

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Dauphin County Tax Claim Bureau | 148 Beaver Road, 150 Beaver Road, 155 S Lockwillow Road | $8,699.56 $2,260.31 $7,375.29 | | $8,699.56 $2,260.31 $7,375.29 |
| Perry County Tax Claim Bureau | 10257 Fort Robinson Road | $5,865.46 | | $5,865.46 |
| Dauphin County Tax Claim Bureau | 145 Beaver Road | $2,109.92 | | $2,109.92 |
| Santander Bank | 148 Beaver Road | $1,806.41 | | $1,806.41 |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

    ☑ None.

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

    ☑ None.

F. **Surrender of Collateral.** *Check one.*

    ☑ None.

G. **Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens.** *Check one.*

☑ None.

## 3. PRIORITY CLAIMS.

### A. Administrative Claims

1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. <u>Attorney's fees</u>. Complete only one of the following options:

   a. In addition to the retainer of $ Enter text here already paid by the Debtor, the amount of $ 4,000 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

   b. $ Enter text here per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

   ☑ None.

### B. <u>Priority Claims (including, certain Domestic Support Obligations</u>

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |
|  |  |

### C. <u>Domestic Support Obligations assigned to or owed to a governmental unit</u>

5

Rev 12/01/18

under 11 U.S.C. §507(a)(1)(B). *Check one of the following two lines.*

☑ None.

4. **UNSECURED CLAIMS.**

    A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

    ☑ None.

    B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

    ☑ None.

6. **VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*

    ☐ plan confirmation.
    ☒ entry of discharge.
    ☐ closing of case.

7. **DISCHARGE: (Check one)**

    ☒ The debtor will seek a discharge pursuant to § 1328(a).
    ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

    If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

    Payments from the plan will be made by the Trustee in the following order:

Level 1: Enter text here

Level 2: Enter text here

Level 3: Enter text here

Level 4: Enter text here

Level 5: Enter text here

Level 6: Enter text here

Level 7: Enter text here

Level 8: Enter text here

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS.

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

Dated:

/s/ James H. Turner
Attorney for Debtor

/s/ John J. Romanowski
John J. Romanowski

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

Case 1:19-bk-03999-HWV   Doc 29   Filed 12/30/19   Entered 12/30/19 10:46:26   Desc
Main Document   Page 7 of 10

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : Chapter 13 Proceeding
JOHN J. ROMANOWSKI : Case No: 1:19-03999

## NOTICE TO CREDITORS OF RESCHEDULED CONFIRMATION HEARING ON AMENDMENT TO CHAPTER 13 PLAN AND OPPORTUNITY TO OBJECT

TO ALL CREDITORS OF THE ABOVE-CAPTIONED DEBTOR:

Please note that a confirmation hearing on the 2nd Amended Plan has been scheduled for the Debtor on the date indicated below.

A deadline of **February 5, 2020** has been set for objections to the confirmation of the plan.

| United Stated Bankruptcy Court Ronald Reagan Federal Building, Bankruptcy Courtroom (3rd Floor) Third & Walnut Streets Harrisburg, PA 17101 | Date: February 12, 2020  Time: 9:30 AM |
|---|---|

A copy of the plan is enclosed with this notice. It can also be obtained by accessing the case docket through PACER, or from the Bankruptcy Clerk's Office at the address listed below during normal business hours.

Requests to participate in a hearing telephonically shall be made in accordance with Local Bankruptcy Rule 9074-1(a).

*Please note that evidentiary hearings will not be conducted at the time of the confirmation hearing. If it is determined during the confirmation hearing that an evidentiary hearing is required, the evidentiary hearing will be scheduled for a future date.*

Date: December 30, 2019

/s/ James H. Turner, Esquire
Turner and O'Connell
915 N Mountain Road, Suite D
Harrisburg, PA 17112
(717)232-4551

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 13
    JOHN J. ROMANOWSKI : Case No: 1:19-03999
:

## CERTIFICATE OF SERVICE

    I, James H. Turner, Esquire, hereby certify that I served a true and correct copy of an amended plan, listed on the attached mailing matrix.

Date: 12/30/2019

/s/ James H. Turner, Esquire
James H. Turner
Turner and O'Connell
915 N Mountain Road, Suite D
Harrisburg, PA 17112
(717) 232-4551

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0314-1<br>Case 1:19-bk-03999-HWV<br>Middle District of Pennsylvania<br>Harrisburg<br>Mon Dec 30 10:37:19 EST 2019 | Thomas A. Capehart<br>Gross McGinley LLP<br>33 South 7th Street<br>PO Box 4060<br>Allentown, PA 18105-4060 | Dauphin County Tax Claim<br>PO Box 1295<br>Harrisburg, PA 17108-1295 |
| Charles J DeHart, III (Trustee)<br>8125 Adams Drive, Suite A<br>Hummelstown, PA 17036-8625 | Member's 1st FCU<br>PO Box 2104<br>Mechanicsburg, PA 17055-2104 | Member's 1st FCU<br>PO Box 40<br>Mechanicsburg, PA 17055-0040 |
| Mr. Tony Drake<br>5504 Driftwood Avenue<br>Harrisburg, PA 17112-3025 | ONEMAIN<br>P.O. Box 3251<br>Evansville, In. 47731-3251 | One Main Financial<br>311 Union St<br>Millersburg, PA 17061-1674 |
| PERRY COUNTY TAX CLAIM BUREAU<br>25 W MAIN STREET<br>PO BOX 37<br>NEW BLOOMFIELD, PA 17068-0037 | Perry County Tax Claim<br>PO Box 63<br>New Bloomfield, PA 17068-0063 | Riverview Bank<br>200 Front St<br>P O Box B<br>Marysville, PA 17053-0017 |
| John J Romanowski<br>148 Beaver Road<br>Harrisburg, PA 17112-3019 | Santander<br>P O Box 660633<br>Dallas, TX 75266-0633 | Santander Bank, N.A.<br>Santander Bank, N.A.<br>450 Penn Street, Mail Code 10-421-MC3<br>Reading, PA 19602-1011 |
| Santander Bank, N.A.<br>450 Penn Street<br>10-421-MC3<br>Reading, PA 19602-1011 | Santander Bank, N.A.<br>450 Penn Street, MC: 10-421-MC3<br>Reading, PA 19602-1011 | Santander Bank, N.A. c/o Thomas A. Capehart,<br>Gross McGinley, LLP<br>33 S. Seventh Street<br>P.O. Box 4060<br>Allentown, PA 18105-4060 |
| (p)TOYOTA MOTOR CREDIT CORPORATION<br>PO BOX 8026<br>CEDAR RAPIDS IA 52408-8026 | Toyota Motor Credit Corporation<br>PO Box 9013<br>Addison, Texas 75001-9013 | James H Turner<br>Turner and O'Connell<br>915 N Mountain Road<br>Suite D<br>Harrisburg, PA 17112-1793 |
| United States Trustee<br>228 Walnut Street, Suite 1190<br>Harrisburg, PA 17101-1722 | James Warmbrodt<br>701 Market Street Suite 5000<br>Philadephia, PA 19106-1541 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Toyota Financial
PO Box 371339
Pittsburgh, PA 15250